IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LEIGH TAYLOR                                                                  PLAINTIFF

v.                      Civil No. 04-5015

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                 DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Leigh Taylor appealed the Commissioner's denial of benefits to this court. On February 22, 2005, judgment was entered reversing the decision of the Administrative Law Judge and remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff moved for an award of $2,854.05 in fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), representing 1340 minutes or 22.33 hours of service at $125.00 per hour and $62.45 for costs. Defendant filed a response stating she does not object to the hourly rate but does object to the number of hours claimed as excessive.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Plaintiff requests attorney's fees under EAJA at a rate of $125.00 per hour. We find plaintiff's attorney entitled to compensation at this rate. *See* 28 U.S.C. §2412(d)(2)(A) (setting standard maximum hourly rate at $125.00).

In her response to plaintiff's request, defendant argues that 110 minutes of work performed by plaintiff's counsel on November 20, 2003, November 25, 2003, December 10, 2003, December 15, 2003, and January 7, 2004, should be denied, as this time was not time spent prior to the filing of the lawsuit. The court believes the time spent reviewing the decision of the lower court, meeting with plaintiff to explain the appellate process and assist plaintiff in making a decision as to whether counsel should file an appeal, and receiving faxes from plaintiff should be denied as time spent prior to the beginning of this court action. The 110 minutes will be denied. *See Cornella v. Schweiker*, 728 F.2d 978, 988-989 (8th Cir. 1984).

Defendant also objects to a total of 115 minutes claimed by plaintiff's counsel for work performed on February 22, 2004, April 2, 2004, May 18, 2004, June 30, 2004, July 24, 2004, July 28, 2004, and October 29, 2004, as time spent at the administrative level and not before this court. The court finds the 115 minutes should be disallowed.

Additionally, defendant objects to 30 minutes spent on February 12, 2004, and 15 minutes spent on April 19, 2004, in the performance of duties routinely preformed by support staff, not an attorney. This court agrees. *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th cir. 1987). *See Bowman v. Secretary of H.H.S.*, 744 F.Supp. 898, 899 (E.D. Ark. 1989)(describing service of process as mechanical procedure and disallowing .75 hours claimed by attorney).

Accordingly, we hereby deduct 270 minutes from counsel's request and find that plaintiff's attorney is entitled to be compensated under EAJA for 1070 minutes at the district court level at $125.00 per hour.

CONCLUSION

Based on the above, we hereby recommend an award of attorney's fee under EAJA of $2,291.62, representing 1070 minutes or 17.83 hours of service at $125.00 per hour for $2,229.17 and $62.45 in costs. This amount should be paid in addition to, and not out of, plaintiff's past-due benefits.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 9th day of September 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE